805 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert WATSON,
v.
E.B. WRIGHT; Medical Department, Brunswick; William P.
Rogers; Medical Department, State Farm; Millie Jackson,
Nurse; Mrs. Plummer, Nurse; Judy Mertsch, Nurse; Tommy
Szabo, Nurse; Dr. Campbell; Dr. Hundley; Mrs. Smith,
Nurse; Julie Lafoon, Nurse, Defendants-Appellees.
 No. 86-6652.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1986.
Decided Nov. 14, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (C/A No. 85-250-R)
 Robert Watson, appellant pro se.
 Mary M.H. Priddy, McGuire, Woods & Battle, for appellees Wright, Brunswick Medical Department, State Farm Medical Department, Jackson, Plummer, Mertsch, Szabo, Campbell, Hundley, Smith and Lafoon.
 Peter H. Rudy, Office of the Attorney General, for appellees Rogers and State Farm Medical Department.)
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Watson, a Virginia inmate, appeals the order of the district court granting the motions to dismiss and motions for summary judgment submitted by the various defendants in this 42 U.S.C. Sec. 1983 action. We affirm in part, reverse in part and remand the case for further proceedings.
 
 
 2
 In his complaint, Watson alleges that the defendant medical personnel at two different correctional facilities failed to administer to him prescribed medication for his heart condition on twenty-two separate occasions during a six-month period. Watson contends that the defendants' failure to give the medication to him at the prescribed times constituted deliberate indifference to a "serious medical need," in violation of the eighth amendment. See Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 3
 The district court granted the motion to dismiss submitted by the defendants Brunswick Correctional Center Medical Department, State Farm Correctional Center Medical Center, Warden E.B. Wright and Warden W.P. Rogers, and granted the motion for summary judgment submitted by Dr. Hundley. We agree that Watson's claims against these defendants were properly dismissed for the reasons set forth by the district court.
 
 
 4
 However, we disagree with the district court's grant of summary judgment in favor of the defendant nurses, Millie Jackson, Etta Plumber, Judith Mertsch, Tom Szabo, Mary Smith and Julie LaFoon. In granting the motion for summary judgment, the district court found that Watson did not seek injunctive relief, but only damages, and that Watson did not allege that he suffered any harm from the defendants' failure to provide his prescribed medication.* As a result, the district court concluded that Watson's failure to allege harm was fatal to his claim of cruel and unusual punishment.
 
 
 5
 Contrary to the district court, we find that Watson in his complaint did request injunctive relief, in addition to $300,000 in punitive damages. In his informal brief to this Court, Watson reasserted his request for injunctive relief and said that he still is not receiving his medication as prescribed. Given the district court's statement in its opinion that injunctive relief might be appropriate if requested, we vacate the district court's summary judgment order as it relates to the defendant nurses, and remand that portion of the case for further proceedings.
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 We note that Watson did allege ham in his pleadings. He said that he "was in constant pain because [he] didn't receive the said medication as prescribed," and that "the gravity ... of the injury is apparent."